

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/17/2012

# LIDDLE & ROBINSON, L.L.P.

800 THIRD AVENUE
NEW YORK, N.Y. 10022

(212) 687-8500
FACSIMILE: (212) 687-1505
www.liddlerobinson.com

**MEMO ENDORSED**

MIRIAM M. ROBINSON (RETIRED)

JAMES A. BATSON
BLAINE H. BORTNICK
ETHAN A. BRECHER
DAVID I. GREENBERGER
MICHAEL E. GRENERT
JAMES R. HUBBARD
JEFFREY L. LIDDLE
DAVID M. MAREK
CHRISTINE A. PALMIERI
MARC A. SUSSWEIN

E-MAIL: jhubbard@liddlerobinson.com

JAMES W. HALTER
ANDREA M. PAPARELLA
SHERRY M. SHORE
JESSICA H. SAVAGE
MATTHEW J. MCDONALD
MARIA W. WONG
JENNIFER RODRIGUEZ
SAMANTHA L. PLESSER
ERIC U. JOHNSON*

*AWAITING ADMISSION

*Handwritten endorsement:* For the reasons stated persuasively in Defendants' opposition letter of February 9, 2012, Plaintiffs' request to serve expert reports outside of the deadline set by the Court is denied. Plaintiffs had more than ample time to prepare and serve expert reports on the subject of damages, and have not shown good cause for failing to do so within the allotted time. The Court also does not accept that Plaintiffs are somehow victims of unfair surprise. This does not appear to be a case of sand-bagging by Defendants, but rather of strategic decision and delay by Plaintiffs.

SO ORDERED: DATE: 2/17/12
DEBRA FREEMAN
UNITED STATES MAGISTRATE JUDGE

February 2, 2012

**BY HAND**
The Honorable Debra Freeman
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *Ritchie Risk-Linked Strategies Trading (Ireland), Limited et al. v. Coventry First LLC et al.*, 09 Civ. 1086 (VM) (DCF)

Dear Judge Freeman:

    We write, pursuant to Local Civ. R. 37.2, on behalf of Plaintiffs to request permission to disclose one or possibly two rebuttal expert reports in this matter relating to the valuation of the life insurance policies in issue when purchased by the Plaintiffs under the applicable purchase agreement.

    Defendants have provided an expert report prepared jointly by two proffered experts (Behan and Chaplin), asserting that Plaintiffs, in purchasing the policies for an approximate net value of $650 million, paid as much as $558 million dollars more for the life insurance policies they purchased from Defendants than their reasonable value, which they assert was actually between $93 million to $260 million. Thus Defendants assert that 85% of the net purchase price was paid in excess of the reasonable value – even though the purchase price was calculated in accordance with specific provisions of the parties' contracts (MPPAs) that established the purchase price for the policies, and thus set the purchase price by agreement. Defendants' proffered damages expert, Walker, relies on this opinion from Behan and Chaplin to opine that

LIDDLE & ROBINSON, L.L.P.

The Honorable Debra Freeman                -2-                    February 2, 2012

Plaintiffs suffered no damages whatsoever, even if the contract warranties and representations were not true, because Plaintiffs sold the policies at bankruptcy auction for $452.5 million, and thus for hundreds of millions of dollars more that Behan and Chaplin conclude they were worth, after the New York Attorney General charged Coventry First with acquiring the policies sold to Plaintiffs through a pattern of bid-rigging.

This position by Defendants, and the expert opinion that the value of the policies when purchased was a fraction of the agreed-upon purchase price, is entirely new. While there was reference to the potential for overpayment in the discovery and some litigation over the value of the policies in a case involving Ritchie Capital Management, an affiliate of Plaintiffs, in Chicago, *Huizenga Managers Fund LLC v. A.R. Thane Ritchie*, Case No. 07 CH 09626 (Cir. Ct. Cook Cnty., Ill.), no discovery revealed Defendants' allegations of an the alleged overpayment to the vast degree Defendants now assert. Prior to the Behan and Chaplin report, this position was never expressed by any witness or expert, nor was there any indication that Defendants intended to use expert testimony to address the alleged overpayment.

The Scheduling Order in this case did not provide for Plaintiffs to utilize rebuttal expert reports -- instead allowing Defendants to disclose expert reports *after* the receipt of Plaintiffs' expert designations. However, in light of the dramatic position now proffered by Defendants – that the purchase price set by the parties arms-length contract negotiation exceeded their value by $558M dollars – we assert that fundamental fairness requires that Plaintiffs be permitted to supplement their expert disclosures with a rebuttal report to Behan and Chaplin. We have, to date, been unable to review or discuss the Behan and Chapin expert report and supporting papers with our client, because Defendants designated each report Attorneys Eyes Only, though we are working with counsel to resolve that issue through redaction, and last night received redacted copies of two other expert reports.

The initial Scheduling Order in this matter provided an initial date for disclosure of expert reports and testimony "by the party bearing the burden on an issue." (Dkt. # 27.) The Scheduling Order then provided a second date for "identification of rebuttal experts and disclosure of their expert testimony." When the progress of the case necessitated an altered schedule, the parties proposed a slightly different version of the dates based, at least in part, on Plaintiffs' anticipated disclosures at the time. As currently constituted, the relevant dates were Plaintiffs' expert reports due by November 9, 2011, and Defendants' expert reports due by December 21, 2011.[1] (Dkt. # 93.) On November 9, 2011, Plaintiffs served Defendants with two expert reports – combined less than 125 pages. On December 21, 2011, a day before our office recessed for the holidays, Defendants served Plaintiffs with six expert reports from a total of eight experts that, combined, were over 1,000 pages.

Plaintiffs sought Defendants' consent to the rebuttal expert disclosure requested, and Defendants have refused consent, claiming that such disclosure by Plaintiffs at this time would be untimely. While we disagree with this characterization, even if the proposed rebuttal

---

[1] The parties agreed to extend the date for amended expert reports until January 17, 2012.

LIDDLE & ROBINSON, L.L.P.

The Honorable Debra Freeman                -3-                    February 2, 2012

designation was deemed untimely under the present expert disclose schedule, we assert that fairness, and relevant case law, support granting leave for the rebuttal report sought.

The factors courts consider in ruling on allegedly untimely disclosures are: "(1) the party's explanation for the failure to comply with the discovery order; (2) the importance of the testimony of the precluded witness; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." *Softel, Inc. v. Dragon Med. & Scientific Comm., Inc.*, 118 F.3d 955, 961 (2d Cir. 1997). The balance of these factors falls in Plaintiffs' favor.

First, Plaintiffs assert that they did not fail to comply with a discovery order, because the expert disclosure established for this case did not contemplate rebuttal expert reports from Plaintiffs, but essentially contemplated Defendants' expert reports as rebuttal disclosures to the Plaintiff's designation. Further, because Defendants marked every single page of the reports with the header "Report Contains Information Designated 'Attorneys' Eyes Only' or 'Confidential' Pursuant to Court Order," Plaintiffs' counsel has not been able to discuss Defendants' expert reports with our client in any meaningful way.

Second, it would be extremely unfair to permit Defendants to provide expert reports during what was originally intended to be a rebuttal stage on a topic not covered by Plaintiffs' experts, and not provide Plaintiffs with an opportunity to respond to the report through its own expert testimony. The Behan and Chaplin report impacts a substantial issue – the existence of damages for breach of contract. While Plaintiffs assert the factual record contradicts the Behan and Chaplin opinion, in the event Defendants are permitted to offer the opinion they have presented, Plaintiffs could be unfairly disadvantaged by not being able to provide rebuttal expert testimony that the purchase price was reasonably determined and reflective of the value of the policies on the date of purchase – which was also the date the warranties and representations were breached. *See, e.g., Exo-Pro, Inc. v. Seirus Innovative Accessories, Inc.*, No. CV 05-3629 (LDW) (AKT), 2008 WL 4878513, at *2 (E.D.N.Y. Feb. 19, 2008) ("even where the failure to disclose is neither justified or harmless, district courts generally do not order preclusion").

Third, Defendants will not be prejudiced. While expert discovery is currently scheduled to close on February 22, 2012, the Court has already ordered additional fact discovery, and discovery concerning Plaintiffs' one or two rebuttal expert witnesses can be completed during that timeframe as well – including time for Defendants to amend the report of Messrs. Behan and Chaplin as necessary and depose Plaintiffs' rebuttal experts. *See, e.g., S.W. v. City of New York*, CV 2009-1777 (ENV) (MDG), 2011 WL 2224976, *3 (E.D.N.Y. June 3, 2011) (permitting plaintiff to submit a rebuttal expert report where there was sufficient time for defendant's expert to supplement his report and to depose plaintiff's expert and where no trial date had been set). Fourth, no continuance is necessary as no trial date is set and the parties are currently engaged in additional fact discovery as ordered by the Court. (Dkt. #97.)

LIDDLE & ROBINSON, L.L.P.

The Honorable Debra Freeman     -4-     February 2, 2012

    Accordingly Plaintiffs, respectfully request leave to disclose one or, at most, two rebuttal expert reports to Defendants' experts discussing fair value of the policies on the date of purchase by Plaintiffs within 30 days.

    Thank you for your consideration.

    Respectfully submitted,

    *James R. Hubbard/jr*
    James R. Hubbard

cc:    Kenneth J. Brown, Esq. (by e-mail and overnight mail)
       David Forkner, Esq. (by e-mail and overnight mail)