UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RITCHIE RISK-LINKED STRATEGIES TRADING (IRELAND), LIMITED and RITCHIE RISK-LINKED STRATEGIES TRADING (IRELAND) II, LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>COVENTRY FIRST LLC, THE COVENTRY GROUP, INC., MONTGOMERY CAPITAL, INC., and LST I LLC,<br><br>Defendants. | Case No. 09 CV 1086 (VM)(DCF)<br>ECF Case |

## DECLARATION OF JAMES R. HUBBARD

I, James R. Hubbard, an attorney duly admitted to practice in the courts of the State of New York, and by the Southern District of New York, declare as follows:

1. I am a member of the law firm of Liddle & Robinson, L.L.P, and one of lead counsel for Plaintiffs Ritchie Risk-Linked Strategies Trading (Ireland), Limited and Ritchie Risk-Linked Strategies Trading (Ireland) II, Limited, in this action. I submit this declaration in support of Plaintiffs' Objections to Magistrate Judge Freeman's February 17, 2012 endorsed order denying Plaintiffs' request to disclose rebuttal expert testimony. Dkt. 104.

2. During the evening of January 30, 2012, the first two of Defendants' expert reports that had been redacted for Attorneys' Eyes Only Information expert reports – including the report of Defendants' economist Jonathan Walker – were served on Plaintiffs' counsel, and were provided the next morning, January 31, 2012, to Plaintiffs.

3. The next morning, January 31, 2012, the redacted Walker report was delivered by hand in New York City, by Plaintiffs' counsel, to a representative of Plaintiffs. Walker's report revealed to Plaintiffs for the first time that the report of Defendants' actuarial report Behan/Chaplin challenged the market value of the pool of policies Plaintiffs purchased from Defendants, including challenging the actuarial assumptions underlying the pricing formula adopted by the parties' MPPA contracts some six years earlier. Walker extensively referenced Behan's opinion of the actuarial market value of the policies on the dates of purchase, including the actuarial assumptions Behan's used to value the policies Plaintiffs purchased from Defendants in 2005 and 2006. He valued the policies in a range of $92,395,657 to $216,767,452.

4. Relying in part on Behan's opinion, and the bankruptcy sale price of $452.5M, Defendant's economist Walker proffered the opinion that Plaintiffs suffered no out-of-pocket loss as a result of Defendants' breach of the "no violations" and "no proceedings" warranties of the MPPAs.

5. Shortly after receiving the Walker report, Plaintiffs authorized their counsel to request permission to serve a rebuttal to the Behan report. Thereafter, on February 2, 2012, Plaintiffs' counsel sent a Local Rule 37.2 pre-motion conference letter to Magistrate Judge Freeman seeking permission to serve a rebuttal to the report of Behan and Chaplin.

6. On Thursday, February 9, 2012, Defendants responded with a 16 page, single-spaced letter to Magistrate Judge Freeman, opposing the relief requested. The letter was mailed by Federal Express to the Court that date, and a copy provided to Plaintiffs' counsel by e-mail on Friday, February 10.

7. On Monday, February 13, 2012, two of Plaintiffs' lead counsel, James W. Halter and the undersigned, traveled to Washington, D.C, in preparation for the deposition of

Defendants' proffered expert Boris Ziser on February 14, and depositions on February 15 and 17 of Defendants proffered experts David Babbel and Douglas Laycock.

8. On Tuesday morning, February 14th, during a break in the Ziser deposition at the offices of Defendants' counsel, I asked one of Defendants' counsel if he would consent to a request that Plaintiffs be given an adequate amount of time to respond to Defendants' February 9 opposition, in light of the full week commitment to depositions in Washington, D.C. Defendants' counsel, Mr. Forkner, did not offer consent, but suggested that Plaintiffs' counsel contact Magistrate Judge Freeman's chambers with the request, in accordance with the parties' past practice regarding briefing.

9. I then placed a telephone call to Magistrate Judge Freemans' chambers, reached a person who identified herself as one of the court's law clerks, and asked to have one week, until February 22, 2012, to respond to Defendants' opposition -- pointing out that the parties were in deposition in Washington, D.C. all week in the case.

10. The Court's clerk, after leaving the line for a few moments, advised me that Magistrate Judge Freeman did not expect to reach Plaintiffs' request for rebuttal disclosure before Wednesday, February 22nd, and that Plaintiff could have until that time to respond to Defendants' February 9th opposition.

11. That same day, I reported to Mr. Forkner, at a break in the deposition, that the Magistrate Judge had provided Plaintiffs until February 22, 2012 to respond to Defendants' opposition.

12. On February 17, 2012, three days after the telephone call to Chambers, and five days before the day provided for Plaintiffs' response to Defendants' February 9th opposition, Magistrate Judge Freeman denied Plaintiffs' rebuttal request by endorsement of Plaintiffs'

February 2, 2012 Local Rule 37.2 letter to the court, without permitting the filing or consideration of a response from the Plaintiffs. Dkt. 104.

    I hereby declare under penalty of perjury that the foregoing is true and correct.

Dated: March 2, 2012
       New York, New York

                                                         _____
                                                         James R. Hubbard

## CERTIFICATE OF SERVICE

I hereby certify that, on this 2nd day of March, 2012, I caused true and correct copies of the foregoing to be served, by e-mail and by overnight delivery, on:

> David A. Forkner, Esq.
> Kenneth J. Brown, Esq.
> Williams & Connolly LLP
> 725 Twelfth Street, N.W.
> Washington, D.C. 20005
> dforkner@wc.com
> kbrown@wc.com

Dated: March 2, 2012
New York, New York

James W. Halter