UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RITCHIE RISK-LINKED STRATEGIES TRADING (IRELAND), LIMITED and RITCHIE RISK-LINKED STRATEGIES TRADING (IRELAND) II, LIMITED, <br><br> Plaintiffs, <br><br> v. <br><br> COVENTRY FIRST LLC, THE COVENTRY GROUP, INC., MONTGOMERY CAPITAL, INC., and LST I LLC, <br><br> Defendants. | Case No. 09 CV 1086 (VM)(DCF) <br> ECF Case |

### SUPPLEMENTAL DECLARATION OF JAMES R. HUBBARD

I, James R. Hubbard, an attorney duly admitted to practice in the courts of the State of New York, and by the Southern District of New York, declare as follows:

1.  I am a member of the law firm of Liddle & Robinson, L.L.P, and one of lead counsel for Plaintiffs Ritchie Risk-Linked Strategies Trading (Ireland), Limited and Ritchie Risk-Linked Strategies Trading (Ireland) II, Limited, in this action. I submit this supplemental declaration in support of Plaintiffs' Objections to Magistrate Judge Freeman's February 17, 2012 endorsed order denying Plaintiffs' request to disclose rebuttal expert testimony. (Dkt. 104.)

2.  On January 11, 2012, counsel for the parties met in Washington, D.C. During that conference a brief discussion took place regarding the scheduling of the depositions of Defendants' eight expert witnesses. I did not make any representation

regarding "new experts" or rebuttal experts to anyone at that meeting, and I do not recall being asked any question regarding "new" or rebuttal experts.

3. My recollection is that the only question posed to me about Plaintiffs' expert reports was about amendment to the two expert reports Plaintiffs served on November 9, 2011. I recall being asked whether Plaintiffs intended to amend any of their expert reports, as the deadline for both parties to amend was approaching six days later on January 17, 2012. I recall indicating that Plaintiffs' counsel had made a preliminary decision not to amend Plaintiffs' two expert reports.

4. At the time of that meeting, because Defendants had covered every page of their expert reports with a blanket Attorneys' Eyes Only designation, Plaintiffs' counsel had not been able to provide copies of Defendants' expert reports to Plaintiffs. Plaintiffs' counsel thus were not in a position to meaningfully discuss the need for a rebuttal expert report with their clients, or to obtain Plaintiffs' authorization to commission and serve any rebuttal report, and did not do so until after Defendants began serving redacted expert reports at the end of January.

I hereby declare under penalty of perjury that the foregoing is true and correct.

Dated: March 19, 2012
New York, New York

/s James R. Hubbard
James R. Hubbard