# LIDDLE & ROBINSON, L.L.P.

800 THIRD AVENUE

NEW YORK, N.Y. 10022

(212) 687-8500

FACSIMILE: (212) 687-1505

www.liddlerobinson.com

e-mail: jhubbard@liddlerobinson.com

MIRIAM M. ROBINSON (RETIRED)

JAMES A. BATSON
BLAINE H. BORTNICK
ETHAN A. BRECHER
DAVID I. GREENBERGER
MICHAEL E. GRENERT
JAMES R. HUBBARD
JEFFREY L. LIDDLE
DAVID M. MAREK
CHRISTINE A. PALMIERI
MARC A. SUSSWEIN

JAMES W. HALTER
ANDREA M. PAPARELLA
SHERRY M. SHORE
JESSICA H. SAVAGE
MATTHEW J. MCDONALD
MARIA W. WONG
JENNIFER RODRIGUEZ
SAMANTHA L. PLESSER
ERIC U. JOHNSON*

*AWAITING ADMISSION

March 21, 2012

**BY HAND**

The Honorable Victor Marrero
United States District Judge
United States Courthouse
500 Pearl Street, Room 660
New York, NY 10007

Re:  ***Ritchie Risk-Linked Strategies Trading (Ireland), Ltd. et al. v.***
***Coventry First LLC et al.***, Civil Action No. 1:09-cv-01086-VM-DCF

Dear Judge Marrero:

I write on behalf of Plaintiffs. Yesterday, I spoke with Defendants' counsel, David Forkner and Kenneth Brown, of Williams & Connolly, regarding our differing recollections of a discussion of expert reports at a January 11, 2012 meeting among counsel. *Compare* Dkt. 113 ¶ 2 *with* Dkt. 117 ¶¶ 2-3. As a result of that call, and in an effort to amicably resolve this issue – which counsel agree likely does not affect the resolution of Plaintiffs' Objections to Magistrate Judge Freeman's February 17, 2012 Order – I agreed to clarify the second paragraph of my declaration (Dkt. 117 ¶ 2), to limit the second sentence of that paragraph to a statement of my recollection, not of fact, as the remainder of the sentence is phrased. As our Response indicates, we do not challenge the good faith of Mr. Forkner's recollection of that meeting, which is consistent with Mr. Brown's, and counsel have assured me that they do not challenge mine. With the Court's permission, Plaintiffs will file a corrected declaration, a copy of which I enclose for your consideration.

LIDDLE & ROBINSON, L.L.P.

We appreciate your continued attention to this matter.

Respectfully submitted,

James R. Hubbard

Enclosures

cc:     Counsel of Record (by e-mail)

---

The Clerk of Court is directed to enter into the public record
of this action the letter above submitted to the Court by
_Plaintiffs_

SO ORDERED.

3 - 27-12
DATE          VICTOR MARRERO, U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| RITCHIE RISK-LINKED STRATEGIES TRADING (IRELAND), LIMITED and RITCHIE RISK-LINKED STRATEGIES TRADING (IRELAND) II, LIMITED, <br><br> Plaintiffs, <br><br> v. <br><br> COVENTRY FIRST LLC, THE COVENTRY GROUP, INC., MONTGOMERY CAPITAL, INC., and LST I LLC, <br><br> Defendants. | Case No. 09 CV 1086 (VM)(DCF) ECF Case |

### SUPPLEMENTAL DECLARATION OF JAMES R. HUBBARD

I, James R. Hubbard, an attorney duly admitted to practice in the courts of the State of New York, and by the Southern District of New York, declare as follows:

1.      I am a member of the law firm of Liddle & Robinson, L.L.P, and one of lead counsel for Plaintiffs Ritchie Risk-Linked Strategies Trading (Ireland), Limited and Ritchie Risk-Linked Strategies Trading (Ireland) II, Limited, in this action. I submit this supplemental declaration in support of Plaintiffs' Objections to Magistrate Judge Freeman's February 17, 2012 endorsed order denying Plaintiffs' request to disclose rebuttal expert testimony. (Dkt. 104.)

2.      On January 11, 2012, counsel for the parties met in Washington, D.C. During that conference a brief discussion took place regarding the scheduling of the depositions of Defendants' eight expert witnesses.    I do not recall making any

representation regarding "new experts" or rebuttal experts to anyone at that meeting, or being asked any question regarding "new" or rebuttal experts.

3.      My recollection is that the only question posed to me about Plaintiffs' expert reports was about amendment to the two expert reports Plaintiffs served on November 9, 2011. I recall being asked whether Plaintiffs intended to amend any of their expert reports, as the deadline for both parties to amend was approaching six days later on January 17, 2012. I recall indicating that Plaintiffs' counsel had made a preliminary decision not to amend Plaintiffs' two expert reports.

4.      At the time of that meeting, because Defendants had covered every page of their expert reports with a blanket Attorneys' Eyes Only designation, Plaintiffs' counsel had not been able to provide copies of Defendants' expert reports to Plaintiffs. Plaintiffs' counsel thus were not in a position to meaningfully discuss the need for a rebuttal expert report with their clients, or to obtain Plaintiffs' authorization to commission and serve any rebuttal report, and did not do so until after Defendants began serving redacted expert reports at the end of January.

I hereby declare under penalty of perjury that the foregoing is true and correct.

Dated: March 20, 2012
       New York, New York

                        /s James R. Hubbard
                        James R. Hubbard